UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

AUDREY CHATMAN,

    Plaintiff,

vs.

GULFSTREAM PARK RACING
ASSOCIATION, INC. d/b/a
GULFSTREAM PARK RACING AND
CASINO, a Florida Profit Corporation,

    Defendant.
_____/

# COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, AUDREY CHATMAN ("Ms. Chatman" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, GULFSTREAM PARK RACING ASSOCIATION, INC. d/b/a GULFSTREAM PARK RACING AND CASINO ("Defendant" or "GP") and alleges the following:

1. Plaintiff brings these claims for violation of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, and for unpaid minimum wages pursuant to Section 448.110, Florida Statutes ("Florida Minimum Wage Act"), and Section 24, Article X of the Florida Constitution. Plaintiff seeks to recover wages, liquidated damages, pre-judgment interest, and her reasonable attorneys' fees and costs.

## VENUE AND JURISDICTION

2. GP is a Florida profit corporation located in Broward County, Florida, which at all times relevant performed work in Broward County, Florida.

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended (29 U.S.C. § 201, *et seq.*) to recover overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

4. Plaintiff is a resident of Broward County, Florida, and worked for Defendant in Broward County, Florida.

5. Venue is proper in this Court, as illegal conduct complained of and the resultant injury occurred in Broward County, Florida.

**CONDITIONS PRECEDENT**

6. On or about December 3, 2020, Plaintiff timely notified GP, in writing, of her intent to initiate this action, pursuant to Section 448.110(6), Fla. Stat. A true and correct copy of Plaintiff's writing is attached hereto as Exhibit "A."

7. GP failed to resolve the claim to the satisfaction of Plaintiff within fifteen (15) calendar days of Plaintiff's written notice of her claims.

8. Plaintiff's claims are ripe under the FLSA, the Florida Minimum Wage Act, and Section 24, Article X of the Florida Constitution, and are brought within the applicable limitations period(s).

9. Plaintiff has satisfied all conditions precedent to this matter, and her claims are timely.

**FLSA AND FLORIDA MINIMUM WAGE ACT COVERAGE**

10. At all times material hereto, Defendant was, and continues to be, an "employer within the meaning of 29 U.S.C. § 203(d).

11. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA and the Florida Minimum Wage Act.

12. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning

of the FLSA and the Florida Minimum Wage Act.

13. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, Defendant was primarily engaged in the business of legalized gambling, including operating a thoroughbred race track and card-playing rooms in Broward County, Florida, and is therefore an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

17. At all times material hereto, Plaintiff was engaged in the "productions of goods for commerce" or handling, selling, or otherwise working with goods or materials that have been moved in or produced for commerce, but not for purposes of the Motor Carrier Act.

18. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as office equipment, poker chips, playing cards, etc.., but which had come to rest within its racetrack and gameroom location in Broward County, Florida.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Dealers like Plaintiff.

20. At all times material hereto, Defendant was subject to the Florida Constitution's provisions on minimum wages.

## STATEMENT OF FACTS

21.     In or about October of 2006, Defendant hired Plaintiff to work as a non-exempt "Dealer" in its gameroom in Hallandale, Broward County, Florida.

22.     Plaintiff was a poker dealer at Defendant's card tables and was a "tipped" employee under the FLSA.

23.     Plaintiff separated from Defendant on or about October 20, 2020.

24.     From at least December of 2015 through October of 2020, Defendant engaged in an improper "tip pool" practice of automatically deducting ten percent (10%) from Plaintiff's tips and sharing them with non-tipped employees, including floor supervisors and floor managers.

25.     Plaintiff was paid at the tip rate but was required to spend in excess of twenty percent (20%) of her shift performing duties for which she could earn no tips, including, but not limited to, collecting or pulling chip boxes, counting chips, and waiting for players (also known as a "dead spread").

26.     Defendant purposely created "dead spreads" by contriving to have multiple tables open, waiting for players to arrive and play card games.

27.     Plaintiff was required to perform duties wholly unrelated to dealing, such as cleaning, for which she was improperly paid at the tip credit rate.

28.     From at least December of 2015 and continuing through October of 2020, Defendant failed to pay Plaintiff at least the applicable federal and Florida minimum wage for all weeks or hours worked.

29.     Throughout Plaintiff's employment with Defendant, Defendant purported to take the tip credit with respect to Plaintiff, despite the fact that Defendant was not entitled to take such tip credit, due to the fact that Defendant impermissibly retained a portion of Plaintiff's tips for all

hours worked.

30. In order for Defendant to claim this illegal "tip credit," Plaintiff and others similarly situated should have been informed of the provisions of the "tip credit," and all tips received by Plaintiff should have been absolutely retained by Plaintiff or pooled with other "tipped" employees.

31. Defendant failed to comply with the "tip credit" requirements of the FLSA by, *inter alia*, including floor supervisors and/or floor managers as "tipped" employees who received portions of the tips of Plaintiff and others similarly situated.

32. Defendant's failure to comply with the FLSA "tip credit" requirements precludes Defendant from claiming a "tip credit" for Plaintiff.

33. Defendant willfully refused to properly compensate Plaintiff for the full federal or Florida minimum wage and overtime in violation of the FLSA and the Florida Minimum Wage Act, as the aforementioned "tip credit" was claimed, despite the fact that Defendant failed to comply with the "tip credit" requirements under the FLSA.

34. All records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of Defendant and Plaintiff is therefore unable to state at this time the exact amount due.

35. Plaintiff will exercise all legal efforts to obtain such information by appropriate discovery proceedings in this case and, if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

36. Defendant has violated 29 U.S.C. §§ 206 and 207 from December of 2015 through October of 2020, in that:

    a. No payments, or insufficient payments and/or provisions for payment, have been

made by Defendant to properly compensate Plaintiff at a rate equal to the applicable federal minimum wage rate for all weeks worked; and

b. Defendant failed to maintain proper time records as required by the FLSA.

37. Defendant has violated Section 448.110, Florida Statutes, from December of 2015 through October of 2020, in that:

a. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at a rate equal to the applicable Florida minimum wage rate, for all weeks worked; and

b. Defendant failed to maintain proper time records during the relevant periods.

38. For the foregoing reasons, Defendant violated the Florida Minimum Wage act and the Florida Constitution's provisions on minimum wages.

39. Plaintiff was entitled under Florida law to be paid by Defendant at the rate(s) of $8.05/hour in 2015 and 2016, $8.10/hour in 2017, $8.25/hour in 2018, $8.46/hour in 2019, and $8.56/hour in 2020, for each and every hour worked between 2015 and October of 2020.

40. Plaintiff estimates the following tipped unpaid minimum wages are due and owing to her as a result of Defendant's minimum wage violations:

Dates of Employment: December 3, 2015 to October 20, 2020 (254 weeks)

Hours Worked: 20 Hours/Week x 254 Weeks = 5,080 Hours

Minimum Wages: 5,080 Hours x $3.02/hour = $15,341.60 (unliquidated)

Liquidated: $15,341.60 x 2 = **$30,683.20**

41. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I – FLSA MINIMUM WAGE CLAIM

42.     Plaintiff reincorporates and re-alleges paragraphs 1 through 5, 8 through 19, 21 through 36, and 40 through 41 of the Complaint as though fully set forth herein.

43.     The FLSA mandates that employers compensate non-exempt employees at a minimum wage rate of $7.25 per hour or the state minimum wage rate, whichever is higher.  For 2015 and 2016, the Florida minimum wage rate was $8.05/hour.  For 2017, the Florida minimum wage rate was $8.10/hour.  For 2018, the Florida minimum wage rate was $8.25/hour.  For 2019, the Florida minimum wage rate was $8.46/hour.  For 2020, the Florida minimum wage rate was $8.56/hour.

44.     The FLSA at 29 U.S.C. § 203(m) provides a partial exception allowing Defendant to pay less than the minimum wage to tipped employees so long as certain conditions are met.

45.     Without the benefit of the tip credit provision, Defendant must pay each non-exempt employee the statutory minimum wage.

46.     Defendant failed to keep a record of when Plaintiff performed tipped and non-tipped work.

47.     Defendant's compensation of Plaintiff violated the minimum wage provisions of the FLSA as Defendant did not meet the requirements to claim the tip credit and Plaintiff is therefore entitled to minimum wage for all hours worked.

48.     Defendant recklessly failed to investigate whether the way Plaintiff was paid at the tip pool rate complied with the FLSA.

49.     Defendant has the burden of proving that it had a good faith and reasonable belief that Plaintiff was being paid correctly.

**WHEREFORE**, Plaintiff prays that this Court will:

50.     Enter judgment against Defendant for an amount equal to Plaintiff's wages at the applicable minimum wage rate.

51. Award liquidated damages in the amount equal to the award of damages pursuant to 29 U.S.C. § 216(b).

52. Enter judgment that Defendant's violations were willful.

53. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action, pursuant to 29 U.S.C. § 216(b).

54. Award such other and further relief as this Court deems just and equitable.

## COUNT II – VIOLATION OF FLORIDA MINIMUM WAGE ACT

55. Plaintiff reincorporates and re-alleges paragraphs 1 through 9, 11 through 12, 19 through 35, and 37 through 41 of the Complaint as though fully set forth herein.

56. Plaintiff is/was entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendant.

57. Specifically, Plaintiff was not paid the proper minimum wage, as required by Section 448.110, Florida Statutes, and Section 24, Article X of the Florida Constitution.

58. Defendant willfully failed to pay Plaintiff minimum wages for one or more weeks during Plaintiff's employment, contrary to Section 448.110, Florida Statutes, and Section 24, Article X of the Florida Constitution.

59. Although such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bringing her claim pursuant to Section 448.110, Florida Statutes, and Section 24, Article X of the Florida Constitution.

60. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

61. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida

minimum wage, and an equal amount as liquidated damages.

62. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Section 448.110, Florida Statutes, and Section 24, Article X of the Florida Constitution.

**WHEREFORE**, Plaintiff prays that this Court will:

63. Enter judgment against Defendant for an amount equal to Plaintiff's wages at the applicable Florida minimum wage rate.

64. Award liquidated damages in the amount equal to the award of damages pursuant to Section 448.110, Florida Statutes, and Section 24, Article X of the Florida Constitution.

65. Enter judgment that Defendant's violations were willful.

66. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action, pursuant to Section 448.110, Florida Statutes, and Section 24, Article X of the Florida Constitution.

67. Award such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 25th day of June, 2021.

Respectfully submitted,

*/s/Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:  noah@floridaovertimelawyer.com
*Trial Counsel for Plaintiff*